Douglass, J ustice, delivered the opinion of the court: (1) This was a bill of review filed in the Sangamon circuit court, by Samuel Grubb against William B. Crane, praying said [*154] court to review, and set aside its decree made at a previous term, upon a bill in chancery, wherein said Crane was complainant and said Grubb defendant. The original bill charged, in substance, that said Crane was seized in fee simple of two certain tracts of land, setting out the numbers and description, and the history of the title from the government of the United States to the complainant; that the complainant sold said lands to the defendant, for the sum of eighteen hundred dollars, received his notes therefor, one for eight hundred dollars, payable on the first day of July, and the other for one thousand dollars, payable on the first day of November, 1889, and executed a bond for a deed, upon the payment of said notes; that the first note was paid when due, and a small portion of the second, and the complainant recovered judgment for the balance of the last note, amounting to $964.25, and issued execution thereon, which was returned no property found; that the defendant possessed no property out of which said judgment could be satisfied; and concluded with a prayer for the sale of said lands in satisfaction of said judgment. There was a service on the defendant, the bill taken pro oonfesso, and, upon a hearing of the cause, a decree for the complainant, in accordance with the prayer of the bill. After the sale of the premises under the decree, and the filing of the commissioner’s report, the defendant entered his appearance, and moved to set aside the report, and for leave to file an answer to the bill; which motion was overruled, and the report approved. The defendant in the original proceeding then filed his bill of review, and caused a subpoena to be served on Crane, to appear and answer the same. Crane appeared and demurred to the bill of review ; which demurrer was sustained by the court, and the bill dismissed. To reverse the decision sustaining said demurrer, a writ of error is prosecuted to this court, and various errors are assigned. It is insisted that inasmuch as the first note and part of the second were paid, and judgment was rendered for the balance, and the contract thereby affirmed, Crane was bound to execute a deed for the land to Grubb, and then levy his execution upon the lands. Doubtless he might have done so, but ■ he was not necessarily required to resort to that particular remedy. In this, as in many other cases, the law gives a choice of remedies, and he had a right to elect whether he would convey the land and levy his execution upon it, or file his bill in chancery, and subject it to the payment of his judgment. The result would have been the same to the debtor, and no injustice would have been done him in either event. If a portion of the land should sell for enough to pay the debt, Grubb would be entitled to the balance ; or if all the land should be sold and realize more than sufficient to discharge the judgment, he would receive the residue. These considerations dispose of the first five errors. The sixth is [*155] equally untenable. It states that the court decreed a lien, where none existed, or could exist. Crane, in this case, had a lien, as the vendor of these premises, to secure the purchase money, which it was the appropriate duty of a court of equity to enforce. It is also assigned for error, that the court suffered the bill to be taken pro confesso, and entered up a final decree at the term to which the summons was returnable. The 7th section of the “act prescribing the mode of proceeding in chancery, ’•’ R. L. 121; Gale’s Stat. 141; makes it the. duty of the circuit court to establish rules of proceeding in taking bills as confessed. The record shows that this bill was taken pro con-fesso, but omits to set out the rule, and furnishes no means of determining whether the proceeding was in conformity with-the rule or not. In the absence of all evidence to the contrary, we must presume that the rules of the court were complied with, and the proceedings regular. The 8th section of the chancery act provides that the defendant shall file his exceptions, plea, demurrer, or answer to the bill, at the term to which the process of summons shall be returnable, and if he fail to do so, the bill, may be taken for confessed. The 9th section provides that where a bill is taken for confessed, the court, before final decree is made, if deemed requisite, may order the complainant to produce documents and witnesses to prove the allegations of the bill, or may examine him on oath touching the facts therein alleged, and such decree shall be made, in either case, as the court shall consider equitable and proper. Under the provisions of the statute, the practice has prevailed, to a very considerable extent, of taking bills pro oonfesso, and rendering a final decree at the return term. This practice has been found convenient and conducive to the ends of justice, and we would be unwilling to reverse a decree entered in pursuance of it, unless the letter of the statute were so clear and explicit as to render such reversal imperative. If injustice should be done to the defendant by entering a decree at the first term, the latter clause of the 8th section provides the most ample remedy 1 It provides that if the defendant shall appear at the next term, and offer to file his answer to the bill, the court may permit him to do so, upon his showing sufficient cause, and paying the cost of the preceding terms; in such case, the decree shall be vacated, and the cause may be proceeded in as in other cases. The record shows that the defendant did appear at the next term, and offer to file his answer, which was refused by the court, and such refusal is also assigned for error. In such a case, the court will never vacate a decree, and permit an answer to be filed, without first looking into the [* 156] answer or affidavit, or both, and ascertaining whether there was a substantial and meritorious defence to the bill. In this case, the answer, if even presented to the court, does not appear in the record, and the affidavit contains no facts showing a good defence upon the merits. The thirteenth and last error assigned is, that the decree is erroneous in the manner of directing conditional payment, and the manner of directing a sale, and in .appointing a commissioner to sell upon non-payment. The only point .urged in argument, under this assignment, is, that it was irregular and illegal to appoint a commissioner with power to sell in vacation, in the event of the non-payment of the money. It is insisted that this duty of determining whether the money has been paid or not, is judicial in its nature, and can be performed only by the court, and not by a ministerial officer. Although this view of the subject has been sustained by the courts in Kentucky, we are unable to appreciate the reasons on which it rests. The duties of the commissioner, like those of the sheriff, seem to us to be strictly of a ministerial character. The one is required to execute the decree, and the other the judgment of the court, and for that purpose to sell the property and make the money, if it is not paid voluntarily. There is no difference in the character of the duties of these two officers. If the duties of one are judicial in their nature, certainly those of the other are, and vice versa. Both make a special return to the court of the manner in which they have executed its order, and the court approves or sets aside the report or return to the execution, according to the nature of the case. The defendant may always appear at the next term and file his exceptions to the commissioner’s report, and thus bring all the actings and doings of the commissioner directly before the court, and obtain its judgment thereupon. The report, when approved, becomes a part of the decree, or judgment of the court. Upon a full view of the whole case, therefore, we are of the opinion that substantial justice has been done according to the forms of law and the usages of chancery practice, and perceive no good reason for a reversal of the decree. The decree is affirmed with costs. Decree affirmed. Catón and Semple, Justices, did not hear the argument in this cause and gave no opinion.